```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

TAMMY M. GOODS,                  )
                                 )
            Plaintiff            )
                                 )
       v.                        )   Case No. 2:08-CV-261
                                 )
AOX INCORPORATED and             )
DOES 1-10,                       )
                                 )
            Defendants           )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Complaint [DE 7] filed by the defendant, AOX Incorporated, on November 12, 2008. For the reasons discussed below, the motion is **DENIED**.

### Background

The plaintiff, Tammy M. Goods, filed her complaint on September 15, 2008, alleging a willful violation of the Fair Credit Reporting Act (FCRA), as amended by the Fair and Accurate Credit Transactions Act of 2003 (FACTA), by printing the expiration date of plaintiff's credit card on a receipt. The complaint is 13 pages long, containing 63 numbered paragraphs. AOX Incorporated answered with a Rule 12(f) Motion to Strike, alleging that the complaint does not comply with Federal Rule of Civil Procedure 8(a)'s mandate for "a short and plain statement of the claim."

### Discussion

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 8(a)(2). The Supreme Court has interpreted this Rule to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.
>
> ***E.E.O.C. v. Concentra Health Services, Inc.***, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))

Plaintiff's counsel has experience with this type of suit, having brought a similar action in the Northern District of Illinois alleging similar violations of the Fair and Accurate Credit Transactions Act. *See* ***Follman v. Hospitality Plus of Carpentersville, Inc.***, 532 F.Supp.2d 960 (N.D. Ill. 2007) (denying motion to dismiss claims that merchant printed more than the last five digits of card numbers and printed expiration dates of cards on receipts). The ***Follman*** opinion explored the sufficiency of the plaintiff's complaint in alleging that the defendant willfully violated FACTA and also recited a plethora of cases where merchants sought dismissal for insufficient pleading. In light of such attempted dismissals, the plaintiff's deviation from the suggested "short and plain statement of the claim" is understandable.

In addition, the three cases cited by AOX as examples of true excess in pleading are unlike the Complaint filed here. *See*

*Kuehl v. FDIC*, 8 F.3d 905 (1st Cir. 1993)(striking 43 page, 358 paragraph complaint); *Martin v. Hunt*, 28 F.R.D. 35 (D.Mass. 1961)(striking 47 page complaint); *Newman v. Commonwealth*, 115 F.R.D. 341 (D.Mass 1987)(striking 21 page complaint with 70 pages of exhibits attached).[1]  In comparison, Goods' 13 page, 63 paragraph complaint is succinct and will not burden the defendant to answer.

_____

For the aforementioned reasons, the Motion to Strike Complaint [DE 7] filed by the defendant, AOX Incorporated, on November 12, 2008, is **DENIED**.

ENTERED this 12th day of January, 2009

                              s/ Andrew P. Rodovich
                              United States Magistrate Judge

---

[1] *See also* ***Presidio Group, LLC v. GMAC Mortg., LLC***, 2008 WL 2595675 (W.D. Wash., June 27, 2008)(granting defendants' request that plaintiff strike unnecessary material from a 465-page complaint and prompting a short but entertaining judicial order which includes both a quote from ***Hamlet*** and a limerick)("Plaintiff has a great deal to say, But it seems he skipped Rule 8(a), His Complaint is too long, Which renders it wrong, Please re-write and refile today.").